UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION H-10-2812 |
| ROBERT S. MACINTYRE, Individually, and as | § | |
| Temporary Administrator of the Estate of | § | |
| James Howard Marshall II, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

ORDER

Pending before the court is the United States' motion for partial summary judgment against

Elaine T. Marshall for donee liability (Dkt. 61); Elaine T. Marshall's cross-motion for partial

summary judgment and to seal (Dkt. 71); and Elaine T. Marshall's motion for partial summary

judgment as to count XIII and motion to seal (Dkt. 92).  Upon consideration of the motions,

responses, replies, sur-replies, and the applicable law, the United States' motion for summary

judgment against Elaine T. Marshall (Dkt. 61) is GRANTED IN PART and DENIED IN PART AS

MOOT[1] and Elaine T. Marshall's cross-motion for summary judgment and to seal (Dkt. 71) is

DENIED.  Elaine T. Marshall's motion for partial summary judgment on count XIII (Dkt. 92) is

DENIED AS MOOT (*See* Dkt. 100) and motion to seal (Dkt. 92) is DENIED.

BACKGROUND

In 1995, J. Howard Marshall II ("JHM") made indirect gifts to E. Pierce Marshall, Elaine T.

Marshall, the E. Pierce Marshall Jr. Trust, and the Preston Marshall Trust (collectively the "EPM

---

[1] Some issues in the motion for summary judgment were eliminated as part of a stipulation filed by the parties. Dkt. 78.  With regard to those issues, the United States' motion is DENIED AS MOOT.  As to all other issues, the motion is GRANTED.

DOnees") when JHM sold his stock in Marshall Petroleum, Inc. back to the company below market value, thereby increasing the value of the stock of the remaining stockholders, among whom were the EPM Donees.  The IRS assessed gift tax against JHM's Estate, which JHM's Estate challenged in United States Tax Court.  The parties reached an agreement, resolving the dispute over the gift tax liability of the JHM Estate for the 1995 gift to the EPM Donees.  The JHM Estate did not pay its gift tax liability on these gifts.

In 2008, the IRS assessed the gift tax liability against the EPM Donees.  At this time, the EPM Donees have made payments to the IRS—assuming the court's math is correct—equaling the amount of the value of the gift received by each donee.  However, they have paid none of the interest assessed on the personal liability for late payment.  The government now moves the court for summary judgment on the scope of the donee liability of the EPM Donees.  The EPM Donees have cross-moved on the same issue.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986).  An issue is "material" if its resolution could affect the outcome of the action.  *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id* . "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell* , 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*,

276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en

banc).  By the same token, the moving party will not meet its burden of proof based on conclusory

"bald assertions of ultimate facts."  *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978);

*see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

## ANALYSIS

**A.      United States and Elaine T. Marshall's Cross-Motions for Summary Judgement**

**1.      Interest on Donee Liability**

Section 6324(b) governs liens for gift taxes.  It reads in relevant part

> [U]nless the gift tax imposed by chapter 12 is sooner paid in full or
> becomes unenforceable by reason of lapse of time, such tax shall be
> a lien upon all gifts made during the period for which the return was
> filed, for 10 years from the date the gifts are made. If the tax is not
> paid when due, the donee of any gift shall be personally liable for
> such tax to the extent of the value of such gift.

26 U.S.C. § 6324(b).  In this case, JHM's estate failed to pay the gift taxes assessed on the 1995 gifts

to the EPM Donees.

The parties do not dispute that § 6324(b) operates to impose liability on the donee for the

unpaid gift taxes and resulting interest attributable to the donor—at least up to the amount of each

individual gift.  Nor do they argue the fact of the gifts, the amounts of the gifts, or the amount of the

interest accrued by JHM on the gifts.[2]   Where the parties part ways is on the issue of the

government's ability to charge interest pursuant to §§ 6601 and 6621[3] on the unpaid donee liability

created by § 6324(b).  The government perceives the obligations of the donor and donee as two

---

[2]  The parties do not dispute, that pursuant to 26 U.S.C. § 6601(e) the "tax" transferred by § 6324 includes interest.  § 6601(e)(1) ("Any reference in this title . . . to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.").

[3]  These section together operate to impose and set the rates for interest on underpayments.

distinct liabilities and argues that only the obligation of the donor is capped.  The EPM Donees argue

that the plain language of § 6324(b) caps *all* donee liability and that the government's second

obligation—the separate donee liability—is not supported by a plain language reading of the Tax

Code.  The Fifth Circuit has not spoken to this issue.  And, the few circuits that have addressed it

have taken opposing positions.

The government contends that it may charge interest on the amounts owed by the EPM

Donees in excess of the amount of the gifts received and urges the court to follow the reasoning of

the Eleventh Circuit in *Baptiste v. Commissioner* 29 F.3d 1533 (11th Cir. 1994).  In *Baptiste*, the

Eleventh Circuit held that § 6324(a)(2)[4] imposes an independent liability on the donee separate from

the tax liability of the donor and not subject to limitations imposed on the donor's transferred

liability.  Thus, the court determined that § 6601 applied to impose interest on the donee's

independent obligation.

In *Baptiste*, the transferee inherited one third of a $150,000 life insurance policy. *Id* at 1535.

The estate challenged in tax court the amount of the tax deficiency assessed by the IRS on the

transfer.  *Id.*  Later, the estate entered into a stipulation with the government that the deficiency was

$62,378.48 and the tax court entered judgment for that amount.  *Id.* at 1536.  When the estate failed

to pay the estate taxes, the IRS assessed the deficiency against Baptiste as transferee.  *Id.*  The IRS

---

[4]The Eleventh Circuit examined § 6324(a), which addresses estate tax, not gift tax.  However, gift tax and estate tax provisions are *in pari materia* and must be construed together.  *United States v. Davenport*, 484 F.3d 321, 328 n.11 (5th Cir. 2007).  Section 6324(a)(2) reads in relevant part

> Liability of transferees and others.--If the estate tax imposed by chapter 11 is not paid when due, then the . . . transferee. . . who receives, or has on the date of the decedent's death, property included in the gross estate . . . to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax.

26 U.S.C. § 6324(a)(2).

assessed the transferee liability at $50,000—the amount of Baptiste's inheritance. *Id.* Additionally, the IRS charged interest on the unpaid transferee liability. *Id.*

In holding that the government could charge interest on the personal liability created by § 6324(a), the Eleventh Circuit examined the nature of the obligation at issue. *Id.* at 1541. It found that transferee liability essentially involved two separate obligations. The first obligation was the obligation of the transferor—the estate. That obligation was a tax obligation imposed on the estate by chapter 11 of the tax code, collected as a tax by the government, and subject to interest like any other tax. The amount of that obligation when it shifted to the transferee was governed by § 6324(a) and, thus, limited to the amount of the transferred property. Therefore, under the facts of *Baptiste*, at the moment the obligation shifted to the transferee, the deficiency, including any interest assessed on that deficiency, could not exceed $50,000—the value of the property Baptiste received.

The second obligation was the obligation of the transferee. The Eleventh Circuit held that this second obligation was a personal liability of the general sort imposed by federal law. *Id.* The court arrived at this conclusion for two main reasons. First, the language of § 6324 does not create a tax on the transferee but instead requires the transferee to satisfy the tax liability of the transferor. *Id.* And second, the court pointed to the fact that unlike collecting a tax liability, to collect these personal liabilities the government must use the separate mechanism provided by§ 6901(a). The court reasoned that if the transferee liability was a tax liability, § 6901(a) would be rendered superfluous—"a statutory construction that is both disfavored and unlikely." *Id.*

Next the court examined whether the Code imposed any interest on the liability and whether the limitation outlined in § 6324 applied to the interest—if any—on the liability. Looking again to the language of § 6901(a), the court stated that the section specified the liability would be "subject to the same provisions and limitations" as the underlying tax from which the liability arose. *Id.* at

1542. (quoting 26 U.S.C. § 6901(a)).  And, the court noted that charging interest on the personal

liability would comport with "the traditional rule that one who possesses funds of the government

must pay interest for the period that person enjoys the benefit of same." *Id.*  Having determined that

the transferee's personal liability was subject to interest pursuant to § 6901, the court then moved

to the question of whether the limitation in § 6324(a) applied to cap the amount of interest on the

personal liability to the value of the property transferred and concluded that it did not. *Id.*  Although

the court did not directly, separately analyze the question of the cap, it concluded that since § 6601

was applied to the personal liability through § 6901, and § 6901 imposed no limit on the amount of

interest, Congress did not intend to limit the interest on the transferee's personal liability. *Id.*  The

court noted that limiting the interest to the value received would "create a system which encourages

transferees to retain assets of the estate, at the expense of the government, for as long as possible

with no adverse consequences." *Id.* at 1542 n. 9.  Last, the court held that Baptiste was liable to the

government beginning the day the estate tax was due and not paid by the estate, and Baptiste was in

possession of the transferred assets.[5]  Therefore, the court affirmed the district court's grant of

summary judgment for the government, which imposed interest on Baptiste's personal liability from

the date the estate tax was due and unpaid.

The government argues that the Eleventh Circuit's construction of the Code regarding a

transferee's interest on his personal obligation under § 6324 comports best with the Code taken as

a whole.  Additionally, the government points to the language of § 6901 which states that the

government may collect the personal liability *in the same manner* as a tax, rather than merely stating

that the transferor's tax liability becomes the transferee's tax liability.  Therefore, the government

---

[5] *See* 26 U.S.C. §§ 6601(a); 6601(b)(5) (combining to make the date on which the interest begins to run, the date the tax is due and unpaid); § 6324(a)(2) (specifying that a transferee who *receives* property is liable).

urges this court to adopt the Eleventh Circuit's approach and allow interest to be applied to the EPM Donees' personal liabilities.

The EPM Donees disagree with the Eleventh Circuit's decision in *Baptiste*. First, they argue that the court ran afoul of a basic principle of construction for tax statutes when it improperly construed the tax statute to create liability by implication. Second, they contend that the court should not have looked to the legislative history to construe the tax statute without first finding that the statute was ambiguous. Third, the EPM Donees argue that the statute is plain on its face and the court's holding that donee liability is a nontax personal liability runs counter to the clear language in the statute. Moreover, they urge that even if the statute was ambiguous, all ambiguity should be resolved against the taxing entity.

Fourth, they argue that the Eleventh Circuit's reliance on § 6901(a) is misplaced, because they argue that the government can collect donee liability under § 6324 without using § 6901(a)—as they have done in this case. Additionally, § 6901 may not be used to increase the donee's liability because it does not create substantive liability, but rather provides an alternate procedure for collection. Last, the EPM Donees argue that the government's use of the word taxpayer at various junctions illustrates the fact that "no one really thinks donee liability is 'nontax' in any meaningful way." Dkt. 71 at 17.

Instead, the EPM Donees urge the court to adopt the Third Circuit's reasoning in *Poinier v. Commissioner*, 858 F.2d 917 (3rd Cir. 1988).[6] In *Poinier*, the transferees challenged the tax court's decision that the government could charge interest on the donees' liability created by § 6324(b). The Third Circuit agreed and reversed the tax court's decision. The main reason for the reversal was that

---

[6] The court notes that the Eighth Circuit in *Baptiste v. Commissioner*, 29 F.3d 433 (8th Cir. 1994) has adopted the Third Circuit's reasoning in *Poinier*. However, since it did so without expanding on *Poinier*, the court does not discuss it here.

the court could "point to no specific code provision imposing such an independent liability on a

transferee." *Id.* at 920.  The court explained that § 6901 could not be an independent basis for the

liability because  it "'neither creates nor defines a substantive liability but provides merely a new

procedure by which the Government may collect taxes.'"  *Id.* (quoting *Comm'r v. Stern*, 357 U.S.

39, 42, 78 S. Ct. 1047 (1958)).  Also, the court pointed out that § 6601(f)(2) of the 1970 version of

the Tax Code specifically prohibited imposing interest on interest.  *Id.* at 922 (quoting 26 U.S.C. §

6601(f)(2) (1970)).  Last, the court argued that Congress could easily have intended to limit the total

liability of donees to the value of the gift received because the instances in which the amount of the

gift was smaller than the deficiency were relatively rare, alleviating the necessity of deterring donees

from delaying paying their personal liabilities as long as possible.

Although both the Third and Eleventh Circuits' reasoning is persuasive, the court agrees with

and adopts the holding of the Eleventh Circuit for the following reasons.  As a threshold matter, the

court disagrees with the EPM Donees' argument that § 6324(b) unambiguously limits *all* donee

liability.  Both the Third and the Eleventh Circuit examined the legislative history and went to great

pains to construe the statute.  They both found it to be less than clear on its face.  In fact, it could be

argued that because after careful examination of the statute, the courts construed it in opposite ways,

the statute must be ambiguous.  Regardless, the court finds that although the statute is clear about

the cap on the amount of the donor's liability transferred to the donee, it does not clearly address—if

at all—the donee's responsibilities after that point.

Just as there are two parties to a gift—the donor and the donee, there are two different

possible deficiencies—that of the donor and that of the donee.  One is the donor's chapter 12 liability

for the gift itself, including interest and penalties.  The other is the donee's liability under § 6601 for

interest on using the government's money.  Section 6324(b) imposes the chapter 12 liability on the

donee, but limits that liability to the amount of the gift received. This makes perfect sense because otherwise a donee who received only 5% of an enormous gift could be responsible for the entirety of the gift tax in an amount far exceeding the gift he received based solely on the donor's actions—or, more accurately, inaction. So, the amount for which the donee may be held responsible as a result of another's failure to pay gift tax is capped.

That liability triggers an obligation in the donee. Donee liability is not a tax. It may not be collected as a tax. Instead the government must use one of two separate mechanisms. The first is to file suit against the donee and obtain a personal judgment against him. The government has chosen that option here. The second is to make an assessment through § 6901. Either of these methods may be subject to interest on the donee's separate obligation to pay. First, § 6901 expressly states that the liability is "subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred." § 6901(a). Since the gift tax of the donor is subject to interest under §§ 6601 and 6621, the donee liability is also. And that makes sense. The interest is charged based on the failure of the *donee* to pay, not the donor. It was equitable to cap the donee's responsibility for the actions of another, but if he chooses not to pay his own liability that is a different matter.

Additionally, the court agrees with the Eleventh Circuit that the Tax Code treats the donee liability as a different obligation. The Tax Code does not state that the obligation is a tax assessed on the donee, instead it calls the obligation a liability. And, although the government need not use § 6901 to collect the liability, it may not simply assess and collect the liability as a tax without either bringing suit or using § 6901. If the donee liability were a tax, neither of these mechanisms would be necessary. In § 6324(b) the statute reads that "[i]f the tax is not paid when due, the donee of any gift shall be personally liable for such *tax* to the extent of the gift." §6324(b) (emphasis added). The

10

phrase "to the extent of the gift" is modifying the word "tax" in this sentence.  Therefore, the cap is

on the tax.  And the tax is the donor's obligation.  Also, the court notes that the Third Circuit's

strongest argument—that § 6601(f) expressly forbids paying interest on interest—is no longer valid.

Congress amended § 6601 and removed that provision.  Last, although it dealt with a prior version

of the Tax Code, the Fifth Circuit has held that old § 311—the predecessor to § 6901—allowed the

assessment of interest on a transferee's liability.  *Patterson v. Sims*, 281 F.2d 577, 580–81 (5th Cir.

1960).  For all of these reasons, the court adopts the Eleventh Circuit's rule in *Baptiste.*  Section

6324(b) imposes an independent liability on the donee that is not capped by the liability limitation

language in § 6324(b).  The donee's independent liability is subject to § 6601, including the interest,

beginning on the date on which the EPM Donees had the gift in their possession, and the gift tax was

due and unpaid by JHM's estate.

      **2**        **Motion to Seal**

The EPM Donees also move the court to seal the motions and exhibits.  For the same reasons

articulated by the court in response to Defendant Eleanor Pierce Stevens (Dkt. 100), the motion is

DENIED.

**B.**      **Elaine T. Marshall's Motion for Partial Summary Judgment as to Count XIII**

Defendant Elaine T. Marshall has also moved for summary judgment on Count XIII, the

government's alternative claim for additional donee liability.  Since, the court's order on Eleanor

Pierce Stevens's motion for summary judgment (Dkt. 100) moots that claim, the motion is DENIED

AS MOOT.

CONCLUSION

Pending before the court is the United States' motion for partial summary judgment against

Elaine T. Marshall for donee liability (Dkt. 61); Elaine T. Marshall's cross-motion for partial

summary judgment and to seal (Dkt. 71); and Elaine T. Marshall's motion for partial summary judgment as to count XIII and motion to seal (Dkt. 92).

For the reasons articulated above, the United States motion (Dkt. 61) is GRANTED IN PART and DENIED IN PART AS MOOT.  The court holds that the EPM Donees are liable to the United States for the interest assessed pursuant to §§6601 and 6621 on their separate personal liabilities created by §6324(b) as a result of the failure of JHM's Estate to pay the gift taxes assessed against it for the 1995 gift.  As explained in this court's order of March 28, 2012 (Dkt. 100), the amount of the gifts has been previously determined by the tax court as reflected in the 2002 Stipulation of Settled Issues between the government and JHM's Estate.  The United States is hereby ORDERED to submit to the court a proposed judgment against the EPM Donees calculating the statutory interest on the EPM Donees' gift, plus statutory prejudgment—if any, and post judgment interest beginning on the date that the Donor's obligation was due and unpaid, and the EPM Donees were in possession of the gift.

Additionally, Elaine T. Marshall's cross motion for summary judgment and to seal (Dkt. 71) is DENIED.

And, Elaine T. Marshall's motion for partial summary judgment on count XIII (Dkt. 92) is DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on June 7, 2012.

_____
Gray H. Miller
United States District Judge